Matthew W. **BARNETT**, Petitioner,

v.

James **MOON**, Warden, and the State of Oklahoma, Respondents.

No. H 92–438.

Court of Criminal Appeals of Oklahoma.

April 15, 1993.

**162**

### ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING REQUEST FOR EXPENSES OF ACTION

Petitioner Matthew W. Barnett filed an application in the Supreme Court of the State of Oklahoma on April 13, 1992, for a writ of habeas corpus. The Supreme Court transferred the matter to this Court on May 18, 1992, after determining this Court has exclusive jurisdiction. Petitioner contended he was removed from the Preparole Conditional Supervision Program (PPCS), codified by 57 O.S.1991, § 365, without due process as required by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).[1] This Court on July 17, 1992, issued an unpublished order remanding to the district court for further proceedings to determine what procedures were followed in Petitioner's case. In that order, we indicated when an inmate is released from incarceration pursuant to a preparole conditional supervision program, and lives outside institutional facilities, the due process clause vests the inmate with a liberty interest in remaining in the program, and the

requirements of *Morrissey* must be observed before the inmate can be removed from the program. We now hold the provisions of *Morrissey* do not apply, and that the hearing by the Department of Corrections (DOC) afforded Petitioner the process that is constitutionally due him concerning his removal from the PPCS program.

■ "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Wolff v. McDonnell*, 418 U.S. 539, 560, 94 S.Ct. 2963, 2977, 41 L.Ed.2d 935 (1974) (quoting *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961)). "Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Id.* In other words, Due Process is the process that is due in a particular situation.

In our earlier order, this Court's assumption *Morrissey* applied did not address whether the provisions of PPCS necessarily equated with parole. The assumption the two are equal is not supported by the plain wording of the statute.

■ By definition, *Pre* parole is not the same as *parole*. The prefix "pre" means "in front," "before," or "in advance." XII *Oxford English Dictionary*, at 294 (2d ed. 1989). Here, it implies a preparatory or preliminary status present before the sought-after status is manifested. Therefore, *pre* parole is by definition not parole, but a preparatory status to parole itself. And since "parole" means release from jail, prison or other confinement after actually serving part of a sentence, [*Black's Law Dictionary* at 1116 (6th ed. 1990)], logically *pre* parole means *before* such release.

Petitioner was placed on preparole conditional supervision (PPCS), pursuant to 57 O.S. § 365. Under this program, a person

---

**1.** He also complained he was not afforded the proper due process procedures when goodtime credits were lost. This order does not address that issue, and we in no way retreat from earlier

holdings setting forth the minimum due process that must be observed before credits can be taken away.

in the custody of the department of corrections is placed in a specific city or town after proper notification of authorities there (Section 365(D)). An inmate on PPCS remains in the custody of the Department of Corrections. See 57 O.S.1991, § 365(A). Thus, only the degree of his confinement is affected by his placement in the PPCS program.[2] Should an inmate violate any rule or condition "during the period of community supervision," he shall be subject to "disciplinary proceedings as established by the Department of Corrections" (Section 365(E)).

Petitioner complains he was removed from the program and placed back into prison without a parole revocation proceeding. He also complains he lost accrued credits. After this Court remanded for a hearing, the Atoka County District Court found he was removed from the program because he was arrested in Eufaula for public drunk. The Department of Corrections assigned an Investigating Officer to the case, whose duty is to investigate the charge and make a recommendation to the Hearing Officer. The Investigating Officer held a disciplinary hearing; however, the investigating officer did not permit Petitioner to call any live witnesses.[3] The Hearing Officer then agreed with the Investigating Officer that Petitioner was drunk in public.

 Petitioner wants to be placed back in the PPCS program. Therefore, the issue before us is whether an inmate of the Department of Corrections should be placed in a more restrictive or less restrictive status. The statute grants the Department of Corrections the power to establish disciplinary proceedings to determine removal from PPCS. We find that the due process set forth in *Wolff v. McDonnell*, is the process which is applicable to the removal of an inmate from the PPCS program. Due process in these matters requires advance written notice of the claimed violation; a written statement of the factfinders as to the evidence relied on and reason for the disciplinary action taken; and, unless good cause exists, an opportunity to call witnesses and present evidence should be afforded.[4] The Department of Corrections regulations leave the question of requested witnesses to the discretion of the investigator, whose actions are documented and placed in his report. If this is done, showing the reason the requested witness was refused so that the decision can be reviewed, a petitioner has been afforded the process that is due him. In this case Petitioner was not allowed to call witnesses. We find, as a matter of

2. It is this "degree of confinement" status that differentiates Petitioner's complaint from that addressed in *Edwards v. Lockhart,* 908 F.2d 299 (8th Cir.1990). There, an inmate was placed outside the institution pursuant to a program that was the functional equivalent of parole. Here, Petitioner may be less restricted, but plainly is still in custody under the statute. *Edwards* is therefore neither applicable nor persuasive. See also *Mitchell v. Meachum,* 770 P.2d 887, 889–90 (Okla.1988) and *Gloria v. Miller,* 658 F.Supp. 229, 232 (W.D.Okla.1987). This analysis is also supported by 57 O.S. 365(F) which subjects inmates on PPCS to penalties for escape.

3. *Petitioner wanted to call a Doctor Jones, who* would testify he was on prescribed medication which would give him the appearance of being intoxicated. In this case we need not consider whether the Investigating Officer abused his discretion in not allowing the testimony, as the district court's findings of fact prepared in response to an order by this Court reflect proceedings against Petitioner started when his parole

officer signed a statement indicating Petitioner "had been arrested and convicted of Public Drunk." To obtain a conviction, the court either had to accept a guilty or nolo contendere plea from Petitioner or find him guilty after a trial. In either instance, there would be a court finding the intoxication was caused by alcohol or other illegal drug, and not by a prescribed medication.

4. The *Wolff* court suggested that an inmate should be allowed to call and confront witnesses, but added "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Id.,* 418 U.S. at 566, 94 S.Ct. at 2980. In other words, the Court embraced a balancing between the individual's need against the needs of the prison system. While it would be beneficial on most occasions to have witnesses present, if possible, there is no reason for this Court to take that discretion away from the people who best know the individual situations that present themselves.

law, that Petitioner's due process rights were not violated under the circumstances of this case because the issue of his public drunk conviction was *res judicata*.

Therefore, the question addressed in the PPCS program is not whether an inmate is in custody, but the degree of confinement used in that custody. The degree of confinement is of no concern to this Court, so long as an administrative procedure affords a method by which the decision to change the degree of confinement can be justified. Beyond that, there is no constitutional Due Process concern, as it ultimately will have no bearing on when the inmate is released. The Disciplinary Hearing provided to Petitioner in this case is the Due Process which was due in this particular situation.

**IT IS THEREFORE THE ORDER OF THIS COURT** that Petitioner's application for writ of Habeas Corpus, and his request that he be returned to the PPCS program, be DENIED. Further, Petitioner's request for reimbursement for expenses and for the cost of a transcript is hereby DENIED.

**IT IS SO ORDERED.**

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/James F. Lane
JAMES F. LANE, Judge

/s/Charles S. Chapel
CHARLES S. CHAPEL, Judge