Ernest Eugene **HARPER**, Petitioner,

v.

Leroy **YOUNG**, Warden, Respondent.

No. H 92–735.

Court of Criminal Appeals of Oklahoma.

April 15, 1993.

Ordered Published and Corrected May 11, 1993.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

Petitioner Ernest Eugene Harper filed an application in this Court for a writ of habeas corpus, alleging the Department of Corrections (DOC) released him from custody under the provisions of the Preparole Conditional Supervision Program (PPCS), pursuant to 57 O.S.1991, § 365; that he violated no rules or conditions of the PPCS; but was nonetheless removed from the program without due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ The District Court of Okfuskee County, Case No. C–92–44, denied Petitioner's application for a writ of habeas corpus on May 19, 1992, finding habeas corpus is not the proper procedure to challenge revocation of PPCS status. We disagree. An application for a writ of habeas corpus is appropriate when a prisoner contends his confinement is unlawful. *See* 22 O.S.1991, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 10.6(C). This Court on September 10, 1992, directed the Attorney General of the State of Oklahoma to respond to the application. That response was filed with this Court on November 10, 1992.

■ In this Court's unpublished order, we indicated the minimum requirements of *Morrissey* must be observed before a person can be removed from the PPCS program for a rule or condition violation. We need not go through a complete discussion of Petitioner's due process complaint, as it is not dispositive of the issue before us and is fully addressed in *Barnett v. Moon*, 852 P.2d 161, 64 OBJ 1281 (Okl.Cr.1993). As set forth in *Barnett*, the question concerning the PPCS program is not whether an inmate is in custody, because he is; but the degree of confinement used in that custody. The degree of confinement is not of concern to this Court, so long as an administrative procedure affords an appropriate method by which the decision to change the degree of confinement can be justified. Beyond that, there is no constitutional Due Process concern, as it ultimately will have no bearing on when the inmate is released. Therefore, the requirements outlined in *Morrissey* need not apply.

■ Dispositive of the issue in Petitioner's case is the fact he was not granted parole by the Governor of Oklahoma. It is for this, not a disciplinary reason, he was removed from the PPCS program. The State contends Petitioner has suffered no due process violation due to the fact inmates are aware they will only remain on PPCS status so long as they remain otherwise eligible for parole, and are given notice of the factors which will be considered and what is necessary to remain in the program.

In support of its position, the State attached a copy of Pardon and Parole Board Procedure No. 004–11, effective August 8, 1991, entitled "Pre–Parole Conditional Supervision (PPCS)." Under that procedure, Inmates who are denied parole by the governor shall remain on PPCS, but their cases shall be reviewed by the Parole Board ninety days from denial to determine whether that status will be continued.

We believe such a procedure gives an inmate sufficient notice when he is placed in the program that he may be removed from it when the governor exercises his discretion and declines to grant parole. The governor's refusal to grant parole does not change the fact that Petitioner is confined and the provisions of *Morrissey* do not apply. The procedures used by the Pardon and Parole Board in determining whether Petitioner should stay in the PPCS program assure Petitioner he is receiving the process that is due him.

Accordingly, Petitioner's application for a writ of habeas corpus is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE, Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge