**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID DANIEL,

     Plaintiff-Appellant,

v.

TED MERRITT; STEVE SPELLMAN;
MIKE MAXEY; DAVE BRALEY,

     Defendants-Appellees.

No. 99-6281
(D.C. No. 97-CV-570)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David Daniel, appearing *pro se*, appeals from the district court's order granting Mike Maxey's and Dave Braley's [hereinafter "defendants"] [1] motions to dismiss and for summary judgment on his state prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim *de novo*, accepting the facts pleaded as true. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). We will uphold a Rule 12(b)(6) dismissal only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted). We also review the grant of summary judgment *de novo*,

> applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court.

---

[1] Mr. Daniel's suit against Ted Merritt and Steve Spellman was dismissed by stipulation after settlement.

*Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted).

## Background

The relevant facts are not disputed. Mr. Daniel was serving a state sentence for escape from a penal institution in 1994 when he was released to live and work in the community pursuant to the Oklahoma Pre-Parole Conditional Supervision Program (PPCS). In February 1995, he was charged with two counts of possession of a controlled dangerous substance and possession of drug paraphernalia, which ultimately resulted in his reclassification. *See* R. Vol. I Doc. 36, at 2-3. In March 1995, however, he was released on bail pending resolution of the drug charges and allowed to return to PPCS status. *See id.* at 3. On April 11, 1995, he was formally removed from the PPCS program, arrested by defendants Ted Merritt and Steve Spellman, and returned to prison. Mr. Merritt and Mr. Spellman alleged that he attempted to escape by unbuckling his seatbelt during this transport to jail, and a new criminal charge for attempted escape was filed. *See id.* at 4. This charge was later dismissed by the state district attorney. Mr. Daniel was convicted of the drug charges that lead to his removal from PPCS. He subsequently filed this suit.

**Discussion**

In his complaint, Mr. Daniel alleges that defendants violated his constitutional rights when, as administrators for the Oklahoma Department of Corrections (DOC), they (1) did not provide him a hearing before removing him from the PPCS; (2) knew of and approved his false arrest, false imprisonment, and malicious prosecution by Mr. Merritt and Mr. Spellman; and (3) conspired with Mr. Merritt and Mr. Spellman to use DOC disciplinary procedures and false charges to harass and intimidate him.

**1. Qualified immunity**. The district court granted defendants' motion to dismiss Mr. Daniel's PPCS claim on the basis of qualified immunity because "[t]he law governing federal due process rights of PPCS inmates was not clearly established in this sense until August 30, 1995, when the Tenth Circuit decided *Harper v. Young*, 64 F.3d 563 (10th Cir. 1995), *aff'd sub nom., Young v. Harper*, 117 S. Ct. 1148 (1997)." R. Vol I. Doc. 42, at 4. On appeal, Mr. Daniel argues that the law regarding removal of inmates from PPCS was clearly established in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). We disagree. In *Morrissey* and *Gagnon*, the Court held that individuals on parole or probation are entitled to due process hearings under the Fourteenth Amendment when either parole or probation are revoked. *See Morrissey*, 408 U.S. at 483; *Gagnon*, 411 U.S. at 782. PPCS is " a penal status similar to,

-4-

although more restrictive than, parole that allows convicts to live and work in society." *Harper*, 64 F.3d at 564. At the time of defendants' alleged acts, the Oklahoma Court of Criminal Appeals in *Barnett v. Moon*, 852 P.2d 161 (Okla. Crim. App. 1993), and *Harper v. Young*, 852 P.2d 164 (Okla. Crim. App. 1993) [hereinafter designated as *Harper I*], had held that removal from PPCS impinged only upon an inmate's interest in his "degree of confinement," which is an interest to which the procedural protections set out in *Morrissey* did not attach. *See Harper I*, 852 P.2d at 165. In our *Harper* decision, we disagreed with that conclusion and, for the first time, applied the due process requirements outlined in *Morrissey* and *Gagnon* to participation in PPCS. *See* 64 F.3d at 566. Therefore, at the time of Mr. Daniel's removal from PPCS, such removal without a hearing was not a clearly established constitutional deprivation. We affirm summary judgment in favor of defendants on this claim.

**2. False arrest and imprisonment**. Mr. Daniel's claim for false arrest and imprisonment is related solely to Mr. Merritt's and Mr. Spellman's allegations that he tried to escape during transport. The district court correctly dismissed the causes of action for false arrest and imprisonment against defendants because Mr. Daniel "neither alleges nor shows any personal involvement in this matter by defendants." R. Vol. I Doc 42, at 5.

**3. Malicious prosecution**. The district attorney dismissed the criminal prosecution for attempted escape on grounds that it would "'best meet the ends of justice' because 'prosecuting witnesses [were] no longer employed by D.O.C.'" *Id.* at 6. A § 1983 plaintiff claiming malicious prosecution must make an initial showing that the criminal charge related to the malicious prosecution case was terminated in his favor. *See Neely v. First State Bank*, 975 P.2d 435, 437 (Okla. 1998). The district court relied on a Second Circuit case holding that dismissal of a criminal charge "in the interests of justice" "'cannot provide the favorable termination required as the basis for a claim of malicious prosecution'" under § 1983. R. Vol. I Doc. 42, at 6 (quoting *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)).

On appeal, Mr. Daniel argues that the common law of torts determines the contours of a malicious prosecution claim under § 1983, citing *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996). He argues that criminal proceedings are also terminated in favor of an accused by "the formal abandonment of the proceedings by the public prosecutor," Restatement (Second) of Torts § 659(c), and that he therefore established a termination in his favor sufficient to satisfy a prima facie showing by demonstrating that the district attorney abandoned the proceedings against him for a reason consistent with his innocence. The State inexplicably failed to brief the issue of favorable

termination other than to postulate that the district court correctly followed *Singer* .

Even if we were to assume that the proceedings were terminated in Mr. Daniel's favor, however, we conclude that Mr. Daniel cannot state a § 1983 cause of action for malicious prosecution against defendants because he can state no facts showing that either defendant was personally involved in his prosecution for attempted escape [2]. *See Anthony v. Baker* , 955 F.2d 1395, 1399 & n.2 (10th Cir. 1992) (stating that action for malicious prosecution "attempts to hold *the complaining witness* liable for his role in initiating a baseless prosecution" and that "[t]he term 'complaining witness' describes the person (or persons) who actively instigated or encouraged the prosecution of the plaintiff . . . [,thus p]roof of the defendant's role in instituting the criminal prosecution of the plaintiff is an essential element of a malicious prosecution claim") (emphasis added) (quotation and citation omitted). Although Mr. Daniel alleges on appeal that defendants "knew the escape charge was false yet they did nothing to prevent it," *see* Appellant's Br. at 21, he concedes that defendant Maxey actually "threw out the [administrative] misconduct [charge] alleging that Mr. Daniel had tried to attempt

---

[2] Although the district court made no alternative findings or holdings on this issue, the magistrate recommended dismissal on the additional ground that defendants were not personally involved in the acts leading to the malicious prosecution claim. *See* R. Vol. I Doc. 36, at 16.

to escape . . . because [Mr. Maxey] did not feel that unbuckling a seat belt constituted a misconduct for an escape attempt." *See* R. Vol. I, Doc. 22, Attach. F-1, 2 (Affidav. of Mike Maxey); Appellant's Br. at 21. Mr. Daniel also does not contradict Mr. Maxey's sworn statement that "Officer Merritt and Officer Spellman took it upon themselves to have an 'Attempted Escape' charge filed in Canadian County." R. Vol. I, Doc. 22, Attach. F-2. He further alleges no basis for Mr. Maxey's authority as an assistant district supervisor of probation/parole to interfere in a probation officer's decision to file charges in this situation.

Mr. Daniel alleges absolutely no facts implicating defendant Braley[3] in the decision to charge Mr. Daniel with attempted escape. We therefore affirm the grant of summary judgment in favor of defendants on the malicious prosecution charge. *See Medina v. City & County of Denver*, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992) ( "We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.") (quotation omitted).

**4. Conspiracy**. The district court held that the conspiracy claim against defendants should be dismissed because Mr. Daniel failed to state facts showing

---

[3] Mr. Braley was a records officer at the probation office at the time. *See* R. Vol. I, Doc. 22 at Attach. I-1.

defendants' involvement in the alleged conspiracy. Mr. Daniel's baseless and conclusory arguments on appeal do not assist his claim. The fact that defendants agreed that Mr. Daniel should be returned to prison from the PPCS program after he was charged with illegal possession of drugs does not aver an unlawful agreement. Contrary to Mr. Daniel's claims, there is no evidence that either defendant issued false disciplinary reports, and neither defendant engaged in filing the allegedly false attempted escape charge. We affirm the grant of summary judgment on the conspiracy claim.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge