**Robert G. JOHNSON, Petitioner,**

**v.**

**DEPARTMENT OF CORRECTIONS, R.B. Dick Connor Correctional Center, Ron Champion, Respondents.**

**No. H 96–242.**

Court of Criminal Appeals of Oklahoma.

April 23, 1996.

***ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS***

Robert Grady Johnson filed a Petition for Writ of Habeas Corpus in this Court on March 5, 1996. He is currently incarcerated at the Mansfield Law Enforcement Center in Mansfield, Texas. Johnson states that he was sent to that facility on or about January 20, 1996.

Johnson is serving four (4) sentences of life without parole plus seventy (70) years for his

convictions in Comanche County District Court Case Number CRF–84–597. Prior to January 20, 1996, he was incarcerated at the Dick Connor Correctional Center located in Osage County in Hominy, Oklahoma.

Johnson appealed his convictions in Case Number CRF–84–597. On direct appeal, this Court reversed his convictions and remanded for a new trial. *Johnson v. State*, 827 P.2d 884 (Okl.Cr.1992). He was retried, convicted, and his second direct appeal was dismissed. *See Johnson v. State*, F–93–1137 (Okl.Cr. October 19, 1994), *reh'g denied* (Okl. Cr. November 17, 1994) (not for publication).

In his Petition filed in this Court, Johnson has attached as Exhibit "A" the Petition for Writ of Habeas Corpus which he asserts was filed in the District Court of Osage County. Therein, he alleges that his removal from the Dick Connor Correctional Center to the Mansfield Law Enforcement Center in Mansfield, Texas, was unlawful because:

(i) it was in violation of Art. 2, Section 29 of the Oklahoma Constitution;

(ii) he was removed without a hearing and without consent; and

(iii) it has created a hardship on him.

Also attached to the Petition filed in this Court is Exhibit "B" which is an Order from the District Court of Osage County denying the Petition for Habeas Corpus.

Johnson now requests this Court to issue a writ of habeas corpus granting his immediate release from the Texas facility and returning him to the medium-security prison in Oklahoma where he was formerly incarcerated. For a writ of habeas corpus, Petitioner has the burden of establishing that confinement is unlawful. *See Phillips v. Page*, 451 P.2d 23, 24 (Okl.Cr.1969)

Johnson specifically asserts his "removal" to Texas without a hearing and without "consent" was unlawful and is in direct violation of the language in Article 2, Section 29 of the Oklahoma Constitution. Article 2, Section 29 of the Oklahoma Constitution reads:

No person shall be transported out of the State for any offense committed within the State, nor shall any person be transported out of the State for any purpose, without his consent, except by due process of law; **but nothing in this provision shall prevent** the operation of extradition laws, **or the transporting of persons sentenced for crime, to other states for the purpose of incarceration.** (emphasis added)

The specific language of the constitutional provision cited by Johnson clearly does not prohibit the removal of Oklahoma prisoners to facilities out of state for the purpose of incarceration. The Honorable J.R. Pearman, District Judge of Osage County, so noted in the district court Order denying the Petition.

Johnson also argues that he should be returned to Oklahoma because in Texas, he is not able to work and earn *Ekstrand*[1] credits, he has no access to "outdoor recreation," he has no leisure library and an insufficient law library, and he has to pay more for medical and dental services and medication.

In *Waldon v. Evans*, 861 P.2d 311, 313 (Okl.Cr.1993), we abandoned the view that the only remedy available for sentence credit right violations is a writ of habeas corpus when entitlement to immediate release can be shown. A writ of mandamus is appropriate against prison officials when a prisoner's minimum due process rights have been violated. *Id.* Further, in *Canady v. Reynolds*, 880 P.2d 391, 393, 396, 399 (Okl. Cr.1994), this Court recognized that mandamus provides a vehicle for inmates to insure due process is provided within the Department of Corrections disciplinary system, and that state law does not provide an appeal from Department of Corrections actions on discipline.

Therefore, Johnson's allegations of due process violations due to the alleged denial of *Ekstrand* credits and due to the other inconveniences caused by his removal to the Texas prison are not proper subjects for a Writ of Habeas Corpus.

1. In *Ekstrand v. State*, 791 P.2d 92, 95 (Okl.Cr. 1990), this Court held that the 1988 amendment to the statute governing an inmate's opportunity to earn early release (57 O.S.Supp.1988, §§ 138 and 224) constricted the inmate's opportunity to earn early release and made more onerous the punishment for crimes he committed before the amendment's enactment; thus, the amendment violated the constitutional prohibition against ex post facto laws, where it added requirements and reduced the number of monthly earned credits available to the inmate.

Johnson has failed to show that he is entitled to a writ of habeas corpus because he has not established that his confinement is unlawful and that he is entitled to immediate release. Rule 10.6, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18, App.

**THEREFORE IT IS THE ORDER OF THIS COURT** that the Petition for Writ of Habeas Corpus should be, and is hereby, **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
Charles A. Johnson,
Presiding Judge

/s/ Charles S. Chapel
Charles S. Chapel,
Vice Presiding Judge

/s/ Gary L. Lumpkin
Gary L. Lumpkin,
Judge

/s/ James F. Lane
James F. Lane,
Judge

/s/ Reta M. Strubhar
Reta M. Strubhar,
Judge