**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GALINO LOPEZ,

      Plaintiff-Appellant,

v.

CAPTAIN MAXWELL; JOHNNY
THOMPSON; RONALD J. CHAMPION,

      Defendants-Appellants.

No. 97-5153
(D.C. No. 95-CV-907-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Galino Lopez, a state prisoner appearing *pro se*, appeals the district court's order dismissing his petition for writ of habeas corpus, and the district court's denial of Mr. Lopez' subsequent motion, styled alternatively as a motion to "amend/alter judgment" or notice of intent to appeal and motion for a "certificate of appeal" We deny Mr. Lopez a certificate of probable cause and dismiss the appeal.

On September 12, 1995, Mr. Lopez, an Oklahoma state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Oklahoma prison officials in the United States District Court for the Northern District of Oklahoma. The gravamen of Mr. Lopez complaint was that his due process rights were violated in a prison disciplinary proceeding, resulting in the loss of 120 earned credits and thirty days of disciplinary segregation. By way of relief, Mr. Lopez asked the district court to order the Oklahoma Department of Corrections to expunge his alleged misconduct, effectively restoring his earned credits and shortening his term of confinement.

Because Mr. Lopez' request for relief, in essence, challenged the length or duration of his confinement, the district court construed his § 1983 complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v.*

-2-

*Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that when a state prisoner, though asserting jurisdiction under § 1983, is challenging the duration of his confinement, and the relief sought is a determination he is entitled to speedier release from confinement, his sole federal remedy is a writ of habeas corpus); *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (same). A prisoner seeking federal habeas relief, however, is first required to exhaust state remedies unless it would be futile to do so. 28 U.S.C. § 2254(b)(1); *Duncan*, 15 F.3d at 991. Failure to comply with relevant exhaustion requirements warrants immediate dismissal of a premature federal habeas claim. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (requiring total exhaustion of claims in state forum).

Based on its reading of controlling Oklahoma law, *see Canady v. Reynolds*, 880 P.2d 391 (Okla. Crim. App. 1994), the district court concluded requiring Mr. Lopez to exhaust his state remedies regarding restoration of earned credits would be futile. Consequently, the district court proceeded to the merits of Mr. Lopez' petition. The district court was convinced Mr. Lopez' due process rights were violated in the prison disciplinary proceeding, but in light of the court's conversion of the § 1983 complaint into a § 2254 petition, the district court granted the defendants an opportunity to show cause why the writ of habeas corpus, vacating the finding of the disciplinary hearing and directing the

-3-

reinstatement of Mr. Lopez' 120 earned credits, should not issue.

The defendants filed a response to the district court's show cause order in which they argued Mr. Lopez had a viable state remedy for seeking restoration of his earned credits. The district court had read *Canady* as holding "that mandamus is generally unavailable in cases concerning calculation of earned credits, and that a [state] writ of habeas corpus is available only to those prisoners who are entitled to immediate release if a writ were granted," a condition Mr. Lopez did not satisfy. *See Canady*, 880 P.2d at 397 (discussing language suggesting the writ of mandamus may be inappropriate remedy for challenging decisions regarding the number of earned credits lost or restored). The defendants, however, persuasively argued the *Canady* decision does provide that an inmate who, like Mr. Lopez, is not asserting that he is entitled to immediate release may receive a "due process review" of his prison disciplinary proceeding through a state writ of mandamus. *See id*. at 396, 401; *see also Johnson v. Department of Corrections*, 916 P.2d 264, 265 (Okla. Crim. App. 1996) (noting a "writ of mandamus is appropriate against prison officials when a prisoner's minimum due process rights [with regard to sentence credits] have been violated"). Therefore, the defendants argued, *Canady* did not strip Mr. Lopez of all available state remedies and the exhaustion requirements should be applied.

-4-

After reviewing the defendants' response and the applicable Oklahoma law, the district court found a state remedy in the form of a writ of mandamus was available to Mr. Lopez. Thus, notwithstanding its determination that Mr. Lopez was not afforded due process at his disciplinary hearing, the district court concluded the "case must be dismissed without prejudice to allow [Mr. Lopez] to petition the state courts for a writ of mandamus." *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (noting longstanding rule that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his claims").

Subsequently, Mr. Lopez filed a motion to "Amend/Alter Judgment" pursuant to Fed. R. Civ. P. 59(e) or, in the alternative, notice of intent to appeal and motion for "certificate of appeal." The defendants filed a response to Mr. Lopez' Rule 59(e) motion, urging that the relief requested be denied. The district court denied Mr. Lopez's Rule 59(e) motion, construed his pleadings as a notice of appeal, and denied Mr. Lopez a certificate of appealability.

We construe Mr. Lopez' motion as a request for a certificate of probable

cause to appeal. [1]  In order to obtain a certificate of probable cause, a habeas petitioner is required "to make 'a substantial showing of the denial of [a] federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (citations omitted) (alteration in the original).  To obtain a certificate of probable cause, Mr. Lopez must show the issues presented are debatable among jurists of reason, a court could resolve the issues differently, or the questions deserve further proceedings. *See id*. at 893 n.4.

Mr. Lopez raises two issues on appeal.  First, he contends there is no state remedy.  While Oklahoma law in the area of earned credits may be somewhat confusing, *see Canady* 880 P.2d at 396, especially to *pro se* litigants, it is now clear Mr. Lopez has a state remedy.  Mr. Lopez can seek a due process review of the disciplinary hearing and subsequent revocation of his good time credits

---

[1]  Because the district court converted Mr. Lopez' § 1983 action into a petition for writ of habeas corpus, we look to the filing date of the original complaint for purposes of determining whether Mr. Lopez is required to apply for a certificate of appealability.  The Antiterrorism and Effective Death Penalty Act of 1996 amendments to 18 U.S.C. § 2253, which impose the requirement of a certificate of appealability, do not apply to cases filed prior to the statute's effective date, April 24, 1996. *See Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997); *United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998).  Mr. Lopez' original § 1983 complaint was filed September 12, 1995; therefore, he is not required to obtain a certificate of appealability.  Accordingly, we construe Mr. Lopez' motion as a request for a certificate of probable cause. *See* 28 U.S.C. § 2253 (1994) (amended 1996).

through a state writ of mandamus, "regardless of whether he would be entitled to immediate release if the credits were restored." *Id*. at 396; *see also Johnson*, 916 P.2d at 265 (noting prospect of immediate release is not required for due process review through writ of mandamus). Therefore, as a matter of law, we are unable to consider his habeas petition until he exhausts his state court remedies. *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).

Second, Mr. Lopez urges that his § 1983 "civil rights action remains viable regardless of the disposition of the habeas corpus action." In *Heck*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the plaintiff can prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. The Court recently extended the *Heck* analysis to the denial of good time credits in the prison disciplinary hearing setting. *See Edwards v. Balisok*, 117 S. Ct. 1584, 1589 (1997). Mr. Lopez argues he can seek damages in a § 1983 action because his alleged "misconduct" has been "invalidated." Assuming, *arguendo,* that Mr. Lopez has properly raised a

damages claim, he misapprehends the force of the district court's action on his habeas petition. The district court did not grant Mr. Lopez a writ of habeas corpus; ultimately, the petition was dismissed under the exhaustion doctrine. Contrary to Mr. Lopez' assertion, the findings in his disciplinary hearing have never been "invalidated" by issuance of a writ of habeas corpus. Therefore, his claim for damages is not cognizable under § 1983. *See Heck* , 512 U.S. at 487; *Edwards* , 117 S. Ct. at 1589.

Mr. Lopez has failed to make the required showing of the denial of a federal constitutional right. Accordingly, his request for a certificate of probable cause is **DENIED** and the appeal is **DISMISSED** .

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge