**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JIMMY LYN FARRELL,

    Plaintiff-Appellant,

v.

WILLIAM S. KEYS; JIM E.
HAMILTON; DOLORES RAMSEY,

    Defendants-Appellees.

No. 00-7111
(D.C. No. 99-CV-660-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Jimmy Lyn Farrell, a state prisoner appearing pro se, appeals

from summary judgment granted in favor of appellees and the dismissal of his

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

civil rights complaint brought pursuant to 42 U.S.C. § 1983 following his failure to respond to a motion to dismiss and for summary judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse the grant of summary judgment, but we remand for dismissal.

In his complaint, Mr. Farrell sought compensatory damages, return to good-time credit Level 4, and restoration of good-time credits that were revoked after his disciplinary conviction for bartering (or attempting to barter) in a prison administrative misconduct proceeding. Defendants/appellees contended that Mr. Farrell had bartered his services as a "jailhouse lawyer" to another convict, Frank Hensley, in exchange for a $20 money order made out to Mr. Farrell and sent to Mr. Hensley by Debbie Hensley.

Although his complaint is somewhat difficult to parse, Mr. Farrell appears to allege that his due process rights were violated because the evidence did not support his disciplinary conviction and because the prison officials refused to bring a prison law library log book and the Hensleys to his misconduct hearing. *See* R. Doc. 2 at 31, 34. He claimed that the law library log would show that he had not performed legal services for Mr. Hensley at the law library. The district court ordered a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978).

Mr. Farrell requested appointment of counsel in March 2000, alleging that prison officials would not allow him to go to the law library to research his case and that he could not afford to hire a lawyer. R. Doc. 13. In May 2000 defendants filed a motion to dismiss and for summary judgment, arguing that Mr. Farrell's claims should have been brought in a habeas petition; that the process Mr. Farrell received satisfied constitutional standards as a matter of law; that one defendant was entitled to qualified immunity; and that all defendants were protected by Eleventh Amendment immunity. *Id.* Doc. 15. The defendants also moved to consolidate this case with another suit filed by Mr. Farrell. Mr. Farrell responded to the motion to consolidate and apparently believed he had responded to the motion for summary judgment; however, no response to the motion for summary judgment was filed in the district court. As a result, on October 2, 2000, the federal district court issued a minute order, granting the defendants' motion for summary judgment and dismissing Mr. Farrell's complaint pursuant to Eastern District of Oklahoma's Local Rule 7.1(B) for failure to respond to the motion. [1]

We review the district court's dismissal of Mr. Farrell's complaint for failure to comply with Local Rule 7.1(B) for an abuse of discretion. See *Murray*

----

[1]     Local Rule 7.1(B) requires filing of a pleading or response to a motion within fifteen days and provides that failure to comply with this provision constitutes a "confession of the matters raised by the pleadings" at issue.

*v. Archambo*, 132 F.3d 609, 610-11 & n.2 (10th Cir. 1998). "[A] dismissal for violation of the local rule [i]s a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). In examining the ruling, we consider three factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." *Id.* "[O]nly when these aggravating factors outweigh[] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Id.* We require the district court to set forth an analysis of these three factors before dismissing a complaint for failure to comply with local court rules. *See Murray*, 132 F.3d at 611; *Miller v. Dep't of Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991). The district court failed to conduct any analysis in this case. We conclude that the district court abused its discretion by dismissing the case for failure to respond without analyzing the factors. [2]

---

[2] We note that other circuits do not permit the entry of summary judgment on this basis without a determination on the merits of the Rule 56 motion. *See, e.g.*, *Stough v. Mayville Comty. Sch.*, 138 F.3d 612, 614-15 (6th Cir. 1998); *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (holding local rule authorizing summary judgment as sanction for failure to respond, without regard to merits, impermissibly violated Fed. R. Civ. P. 56); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175-76 (3d Cir. 1990); *Jaroma v. Massey*, 873

(continued...)

Mr. Farrell's federal suit must nevertheless be dismissed. Mr. Farrell's § 1983 claim for compensatory damages is barred as premature at this stage by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. However, even if we disregard the request for compensatory damages and construe Mr. Farrell's pleadings as a petition for habeas corpus, *see Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (habeas petition is appropriate means by which to restore good-time credits), the petition must still be dismissed.

It is a prerequisite to habeas relief that the petitioner has exhausted available judicial remedies in the state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (noting longstanding rule that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state

---

[2](...continued)
F.2d 17, 19-20 (1st Cir. 1989); *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988); *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

remedies as to any of his claims"); *Clayton v. Gibson*, 199 F.3d 1162, 1170 (10th Cir. 1999), *cert. denied*, 121 S. Ct. 100 (2000). In Oklahoma, an inmate asserting a right to speedier release may receive a review of his prison disciplinary proceeding through a state writ of mandamus. *See Johnson v. Dep't of Corr.*, 916 P.2d 264, 265 (Okla. Crim. App. 1996) (noting that a "writ of mandamus is appropriate against prison officials when a prisoner's minimum due process rights [with regard to sentence credits] have been violated"). Therefore, the petition must be dismissed. [3]

_____

[3] Were we to reach the merits on habeas review, on the record before us it does not appear that Mr. Farrell's claim has merit. Due process in prison disciplinary proceedings requires that a prisoner receive notice of the charges, a hearing, a written statement of the reasons for the prison's decision, and "some evidence" in the record to support the conviction. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (discussing due process requirements for hearings resulting in revocation of good-time credits). Here, the record evidence shows that all four requirements were met. Even though no witnesses were called, the letter from Debbie Hensley and the money order she made out to Mr. Farrell at Mr. Hensley's request presented sufficient evidence from which officials could reasonably infer that Mr. Hensley and Mr. Farrell had agreed that Mr. Hensley would pay for Mr. Farrell's services. Mr. Farrell admitted that he knew Mr. Hensley and discussed helping him, even though he avers that he told Mr. Hensley that he did not charge for his assistance. *See* R. Doc. 2 at 49. The conviction was based on "some evidence." *Mitchell*, 80 F.3d at 1444. Insofar as Mr. Farrell alleged that his due process rights were violated because the Hensleys were not produced as witnesses, we note that Mr. Farrell on two occasions signed forms stating that he did not wish to present witnesses at the hearing. *See id.* at 53, 55. He would thus be barred from complaining of denial of a right that he waived.

-6-

The judgment of the United States District Court for the Eastern District of Oklahoma is **REVERSED,** and the case is remanded for entry of an order of dismissal. The mandate shall enter forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge