**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BANT BRYAN BAIRD,

Petitioner-Appellant,

v.

RONALD WARD,

Respondent-Appellee.

No. 97-5229
(N.D. Okla.)
(D.Ct. No. 97-CV-107-H)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

Mr. Bant Bryan Baird appeals the district court's order dismissing his 28

---

[*]  This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254 petition for failure to exhaust state remedies. Based on our conclusion Mr. Baird failed to exhaust the state remedy of writ of mandamus available to him, we affirm.

Mr. Baird is an inmate of the Oklahoma State Penitentiary and a *pro se* litigant. This appeal arises out of his civil rights complaint brought under 42 U.S.C. § 1983 against numerous Oklahoma state prison employees and officials. In his complaint, he alleged the defendants deprived him of federal constitutional due process[1] in three disciplinary proceedings[2] that resulted in the loss of his good time credits, and required disciplinary segregation. Mr. Baird claimed 1) the defendants lied during their testimony and filed false accusations; 2) the defendants refused to call certain witnesses that Mr. Baird requested to testify in his defense; 3) the disciplinary chairperson in the Phillips hearing was biased and failed to make a written statement as to why he relied on Mr. Phillips' testimony over other witnesses' testimony; and 4) the evidence was insufficient to support

---

[1] In violation of the Fourteenth Amendment of the United States Constitution.

[2] For purposes of this judgment, we refer to the three disciplinary hearings as the McClary hearing for the battery offense on November 1, 1995, the McCloud hearing for the battery offense on November 9, 1995, and the Phillips hearing for battery offense that also occurred on November 9, 1995. The names of the hearings correspond to last names of the correction officers who are the victims of Mr. Baird's battery offenses.

the convictions. As relief, he sought to have his misconduct convictions expunged and his good time credits restored. He did not pursue any of these claims in state court before he filed his federal complaint.

The district court construed the action as a petition for habeas corpus under 28 U.S.C. § 2254 because Mr. Baird effectively challenged the length of his confinement.[3] The defendants moved to dismiss the petition for failure to exhaust state remedies. The matter was referred to a magistrate who recommended the petition be denied for failure to exhaust state remedies. The district court adopted the magistrate's report and recommendation, and dismissed the petition. Mr. Baird appeals.

Mr. Baird asserts the district court erroneously dismissed his § 2254 petition for failure to exhaust state remedies because no adequate state remedy was available to him when he filed his petition. He also claims the district court erroneously concluded he can now file a petition for writ of habeas corpus in Oklahoma because he will be entitled to immediate release. We review the

---

[3] A request for restoration of lost good time credits is a challenge to the length of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Habeas corpus is the proper remedy for challenging a prisoner's length of confinement. *Id.*

district court's legal conclusions *de novo* and factual findings for clear error in dismissing a habeas petition. *Davis v. Executive Dir. of Dep't of Corrections*, 100 F.3d 750, 756 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 1703 (1997).

Under 28 U.S.C. § 2254(b)(1), an applicant for a petition of habeas corpus must exhaust state remedies before a federal court can grant an application for a writ of habeas corpus. This exhaustion doctrine requires the state prisoner to present his federal constitutional claims to the highest state courts prior to raising his claims in a federal habeas corpus petition. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995), *cert. denied*, 517 U.S. 1223 (1996). The exhaustion requirement exists as a matter of comity to give states the initial opportunity to address and correct alleged violations of federal law. *Id.* When a petition contains both exhausted and unexhausted claims, we must dismiss the petition in its entirety.[4] *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Jones v. Hess*, 681 F.2d 688, 695 (10th Cir. 1982).

The district court dismissed Mr. Baird's petition because he failed to pursue any remedies for his claims in Oklahoma courts. In particular, the court

---

[4] The petitioner may then amend his habeas petition deleting unexhausted claims, or he may wait until all claims have been exhausted in state courts. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982).

found the Oklahoma remedy of writ of mandamus was available to Mr. Baird

when he filed his § 2254 petition.[5]  Oklahoma's writ of mandamus remedy is

available to correct violations of a prisoner's minimum due process rights.  *See*

*Waldon,* 861 P.2d at  313; *Canady v. Reynolds*, 880 P.2d 391, 397 (Okla. Crim.

App. 1994).  Minimum due process in prison disciplinary proceedings requires,

*inter alia*, the inmate's right to present witnesses in his defense if not unduly

hazardous to institutional or correctional goals, and a written statement by the

factfinder as to the evidence relied on and the reasons for the disciplinary action.

*Wolff v. McDonnell*, 418 U.S. 539, 563-64, 566 (1974); *Waldon*, 861 P.2d at 313.

These are precisely the type of claims that Mr. Baird made in his petition.  For

example, Mr. Baird claimed the disciplinary chairperson in the Phillips hearing

failed to make a written statement as to why he relied on Mr. Phillips' version of

facts over other witnesses' testimony, and the defendants refused to call certain

witnesses that Mr. Baird asked to testify in his defense.  Although the Oklahoma

mandamus remedy is not available to claims involving the respondent's refusal to

perform a legal duty that is discretionary, Okla. Stat. tit. 22, ch. 18, App., Rule

10.6(B), the written statement requirement for minimum due process is not

---

[5]  The Oklahoma remedy of writ of habeas corpus was not available to him at the time he filed his federal petition because he was not entitled to immediate release if his requested relief was granted, as required by Oklahoma law. *See Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993); Okla. Stat. tit. 22, ch. 18, App. Rule 10.6(C).

discretionary. *See Wolff*, 418 U.S. at 564. Therefore, because Mr. Baird can exhaust at least one of his claims in Oklahoma courts, we must dismiss his petition. *See Rose*, 455 U.S. at 522.

Mr. Baird contends the mandamus action is unavailable because the defendants' decision to revoke good time credits is discretionary. Mr. Baird's contention would be correct if he attacked solely the merits of the decision revoking his good time credits. However, he asserts he was denied procedural due process during his disciplinary proceedings, not that the defendants erred in calculating or revoking the credits. *See, e.g., Waldon*, 861 P.2d at 313 (noting the writ of mandamus is for due process review only, not on the merits of the disciplinary decision); *Wallace v. Cody*, 951 F.2d 1170, 1172 (10th Cir. 1991) (ruling petitioner who alleged his good time credits were incorrectly calculated did not have an adequate remedy under state law because the issue was discretionary). Hence, a petition for a writ of mandamus is appropriate to address Mr. Baird's due process claims.

Mr. Baird also claims the district court erred in stating he can file a petition for a writ of habeas corpus in state court because he is now eligible for immediate release if his request for relief is granted. We do not address this issue because

-6-

we dismiss this petition on the grounds he did not exhaust the mandamus remedy. As Mr. Baird is now entitled to immediate release if his relief is granted, and therefore eligible for the state habeas corpus remedy, Mr. Baird will need to exhaust this remedy prior to filing a new federal petition.

Accordingly, the judgment of the district court is **AFFIRMED**. Mr. Baird's petition is **DISMISSED** without prejudice for failure to exhaust state remedies.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge