George BAKER, Appellant,

v.

Stephen KAISER, Warden at Lexington Correctional Center, Appellee.

No. 70836.

Court of Appeals of Oklahoma, Division No. 3.

May 29, 1990.

George Baker, Lexington, pro se.

Robert H. Henry, Atty. Gen., A. Diane Hammons, OBA, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

George Baker, apparently an inmate at Lexington Correctional Center, filed a Petition for Writ of Habeas Corpus and/or Petition for Writ of Mandamus on or about March 28, 1988. On March 31, 1988, the trial court, without response from the appellee, denied the petition stating, "application denied based upon the pleadings". The trial court gave no other reason for this summary denial of Baker's claim.

■ The entire record on appeal consists of the trial court's order and Baker's three page petition including an affidavit. Baker's petition alleges the Lexington Correctional Center Disciplinary Committee deprived him of 45 days of earned credit without affording due process. He supports that allegation by stating in his affidavit "at no time before or after findings of guilty by 3/0 vote did I receive a written statement of reasons by the fact finders for guilty." He argues, on appeal, that such a statement is required under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

While Baker's petition does not technically comply with 12 O.S.1981 § 1332 as an Application for Writ of Habeas Corpus,[1] it satisfies the requirements of 12 O.S.1981 § 1455 that motion for mandamus be made upon affidavit. Accordingly, the only possible basis to support the trial court's order is a conclusion that Baker's petition, on its face, failed to state a claim for mandamus. On this record, we must hold Baker's petition stated facts which, if true, would entitle him to Writ of Mandamus directing correction authorities to comply with the requirements in *Wolff.* The trial court erred in dismissing the petition without giving all parties an opportunity to demonstrate the truth or falsity of those allegations.

In *Mitchell v. Meachum*, 770 P.2d 887 (Okla.1988), the Oklahoma Supreme Court held an inmate has a state created liberty interest in earned credits and is therefore entitled due process protection before those credits may be lost. In evaluating the due process requirements, the *Mitchell* court stated at page 891:

"Wolff requires in the context of state prison disciplinary proceedings that the inmate must be afforded: (1) advance written notice of the claim violation; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals.

Baker's petition and affidavit clearly state Appellee did not comply with this second *Wolff* requirement.

■ Significantly, Appellee does not argue Baker's pleading failed to state a claim. On appeal, Appellee controverts Baker's statements by attaching to his brief documents which he contends demonstrate Baker was afforded due process. Having no opportunity to do so, Appellee did not present these exhibits to the trial court, and they do not form any part of the record on the appeal. We may not consider

---

1. 12 O.S.1981 § 1332 provides:
   Application for the writ shall be made by petition, signed and verified either by the plaintiff or by some person in his behalf, and shall specify:
   First. By whom the person in whose behalf the writ is applied for is restrained of his liberty, and the place where, naming all the parties, if they are known, or describing them if they are not known.
   Second. The cause or pretense of the restraint, according to the best of the knowledge and belief of the applicant.
   Third. If the restraint be alleged to be illegal, in what the illegality consists.
   Baker's petition does not allege specifically that his liberty is restrained, by whom and where it is restrained, or for what cause.

them in determining whether the trial court erred in dismissing Baker's petition. *Chamberlin v. Chamberlin,* 720 P.2d 721 (Okla.1986). However, we do not determine here whether Baker is entitled to the relief requested, and both parties are free to introduce any admissible evidence on remand.

Trial court's order denying prisoner's application is REVERSED, and this case is REMANDED to the trial court with directions to proceed in accordance with the views expressed here.

HANSEN, P.J., and BAILEY, J., concur.