**Dennis S. WALDON, Appellant,**

v.

**Ed EVANS, Warden, Appellee.**

**No. H–92–270.**

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1993.

tence and, therefore, he was not afforded due process and was illegally deprived of those earned credits. The District Court, assumably relying on this Court's decisions in *Ekstrand v. State*, 791 P.2d 92 (Okl.Cr. 1990) and *Wald v. Crisp*, 568 P.2d 316 (Okl.Cr.1977), declined jurisdiction regarding the earned credits because Appellant failed to show that, even if his arguments were correct, he would be entitled to release from incarceration within sixty (60) days.

Appellant appealed the District Court's denial of his petition for writ of habeas corpus and/or mandamus to the Oklahoma Supreme Court. To establish appellate jurisdiction concerning the matter, Appellant cited as authority case law decided by the Oklahoma Supreme Court and the Oklahoma Court of Appeals, *Mitchell v. Meachum*, 770 P.2d 887 (Okla.1988) and *Baker v. Kaiser*, 793 P.2d 877 (Okla.Ct.App.1990). The Oklahoma Supreme Court transferred the appeal to this Court for disposition after finding and concluding that credit time for the reduction of a sentence is a matter which lies exclusively within the jurisdiction of the Court of Criminal Appeals. The transfer order cited Article VII, Section 4 of the Oklahoma Constitution and *State of Oklahoma ex rel. Henry v. Mahler*, 786 P.2d 82 (Okla.1990) to support the findings and conclusion.

The District Court's apparent reliance on this Court's previous precedent in the instant matter is misplaced. This case deals not with the opportunity to earn credit, but with the liberty interest created once these credits are earned, therefore, *Ekstrand* and *Wald* are not directly applicable. Moreover, this Court has not previously assumed jurisdiction of matters concerning sentence credits that are already earned since the Oklahoma Supreme Court has assumed jurisdiction and issued published authority on the subject. *See e.g. Mitchell, supra; Baker, supra; Prock v. District Court of Pittsburg County*, 630 P.2d 772 (Okla.1981).

After *Mitchell* and *Baker* were decided, the Oklahoma Supreme Court held, without expressly overruling cases such as *Mitch-*

### ORDER GRANTING WRIT OF MANDAMUS

The Appellant petitioned the District Court of Alfalfa County, in Case No. C–91–22, for habeas corpus and/or mandamus relief. Appellant claimed that Department of Corrections procedures were not followed in prison disciplinary proceedings which led to the loss of one hundred (100) days of earned credits on his criminal sen-

ell, *Baker*, and *Prock*, or explaining the assumption of jurisdiction therein, that this Court had exclusive appellate jurisdiction over the subject of credit time for reduction of criminal sentences. *Mahler*, 786 P.2d at 86. The *Mahler* decision, coupled with the recent transfer of this matter and similar matters to the jurisdiction of this Court, indicates the Supreme Court has, albeit not expressly, effectively overruled its prior cases dealing with earned credits. *E.g. Mitchell, supra; Baker, supra;* and *Prock, supra.* A void has thereby been created in the law concerning the liberty interest created once credits against a criminal sentence are earned and that void must now be addressed by this Court.

"Earned credits may be subtracted from the total credits accumulated by an inmate, upon recommendation of the institution's disciplinary committee, following due process, and upon approval of the warden or superintendent." 57 O.S.1991, § 138 (emphasis added). As the Oklahoma Supreme Court found in *Mitchell*, the State has created a liberty interest in earned credits and an inmate is entitled to due process protection prior to the loss of those credits. *See Mitchell*, 770 P.2d at 890.

In situations where earned credits have been revoked, as in this matter, the United States Supreme Court has articulated minimum requirements of procedural due process applicable to the prison disciplinary proceedings resulting in the revocation. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Moreover, when the Oklahoma Supreme Court was addressing issues concerning the revocation of earned credits, *Wolff* was adopted. *Mitchell, supra.* This Court has held that the requirements in *Wolff* are applicable to the removal of an inmate from the Preparole Conditional Supervision Program, a situation not unlike the one now presented. *Barnett v. Moon*, 852 P.2d 161, 163 (Okl. Cr.1993). We find that these minimum requirements of due process must be applied in this matter.

■ In proceedings to revoke earned credits, an inmate must be afforded (1) advance written notice of the claimed viola-

tion, (2) a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action, and (3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals. *Barnett, supra; Wolff*, 418 U.S. at 563–567, 94 S.Ct. at 2978–2980. However, the full scope of rights due a defendant in a criminal prosecution does not apply to prison disciplinary proceedings. Confrontation, cross-examination, and counsel are not constitutionally required. *See Mitchell, supra.*

■ Appellant has failed to show himself entitled to a writ of habeas corpus because he has not established that his confinement is unlawful and that he is entitled to immediate release. Rule 10.6(C), *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.1991, Ch. 18, App. However, we no longer find such a failing to be fatal to Appellant's ability to obtain relief. If this Court has exclusive jurisdiction to determine issues relating to credit time for the reduction of a sentence, then concomitant with such jurisdiction comes the responsibility to fashion appropriate remedies when rights have been violated. This Court finds that a writ of mandamus must lie against appropriate prison officials when a prisoner's minimum due process rights have been violated. The District Court's action is a due process review only, and not an appellate review of the decision of the disciplinary authority. Therefore, we abandon our previous requirement that the *only* remedy available for sentence credit right violations is a writ of habeas corpus when entitlement to immediate release can be shown. *Mahler v. State*, 783 P.2d 973 (Okl.Cr.1989); *Ekstrand v. State*, 791 P.2d 92, 95 (Okl.Cr.1990).

In this matter, a finding has not yet been made that Appellant's due process rights have been violated. Therefore, relief in the form of a writ of mandamus against appropriate prison officials is not now warranted. Therefore, we remand to the District Court to address Appellant's petition in accordance with the foregoing and regardless

of whether entitlement to immediate release can be shown. The District Court should address the petition on its merits to determine whether prison disciplinary procedures were followed and thus whether due process, as required by 57 O.S.1991, § 138, was afforded in the proceedings which led to the loss of one hundred (100) days of earned credits on Appellant's criminal sentence. The determination should be made in accordance with the minimum due process requirements set forth in *Barnett, Wolff,* and the holding herein.

**IT IS THEREFORE THE ORDER OF THIS COURT** that a petition for writ of mandamus should be, and is hereby, **GRANTED** and the District Court is directed to dispose of Petitioner's petition in Case No. C–91–22 in accordance with this order.

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge

LUMPKIN, Presiding Judge, specially concurring:

I concur fully in the Court's analysis and holding in this case. Judges of the District Court should note the limitation of the remedy enunciated by the Court in this order is directed to the determination whether due process rights have been afforded to the inmate. If due process has been followed, relief must be denied. However, if due process has not been afforded, the only remedy is to issue a Writ of Mandamus to the appropriate prison official directing the inmate be provided the due process set forth in this order. The hearing at the District Court is not a trial de novo or an appellate review of the disciplinary hearing results. It is only a vehicle to be utilized by an inmate to require the State to follow its own procedures in affording the process which is due the inmate in this particular instance.