Lenora D. DUNN, Petitioner,

v.

Dolores **RAMSEY D.O.C. Director Designee; Kay Tomlinson—Administrator of Odessa Detention Center, Texas; Below Listed Officers of Same Center, E. Baeza, E. Manche, D. Castro, K. Shockey, R.T. Hain; Inmates T. Powers, J. Kaulaity; and Nurse B. Ives, Respondents.**

No. O 96–1399.

Court of Criminal Appeals of Oklahoma.

March 26, 1997.

## ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS

The Petitioner, Lenora D. Dunn, filed a petition for writ of mandamus in this Court complaining of a prison disciplinary hearing, and other matters, relating to her incarceration in the Odessa Detention Center, Odessa, Texas. Petitioner does not list the judgment[s] and sentence[s] she is currently serving. However, Oklahoma Department of Corrections records indicate she is serving sentences from Oklahoma County District Court Case No. CRF–86–1885 of forty (40) years for one count of Robbery With a Dangerous Weapon, and five (5) years for one count of Assault and Battery; and from Oklahoma County District Court Case No. CRF–85–4490 of five (5) years for Larceny of Merchandise From a Retailer.

Petitioner's pleadings are styled in the District Court of Oklahoma County, however, they were mailed directly to and filed in this Court. Petitioner complains she was accused and disciplined unjustly at the Texas facility. She asks that the decision in the disciplinary hearing be overturned and her earned credits restored, and that she be reimbursed for costs associated with the proceeding and with her transfer to the Texas prison. Before addressing Petitioner's complaints and requests, this Court directed the Attorney General to file a response on behalf of the State of Oklahoma. *Dunn v. Ramsey, et al.,* No. O 96–1399 (Okl.Cr. December 12, 1996) (not for publication). The Attorney General was asked to respond to the issues properly raised in Petitioner's pleadings, and to discuss procedures available to Oklahoma inmates, incarcerated in out of state prison facilities, to assert claims that the statutory due process required by 58 O.S.1991, § 138, has been denied in prison disciplinary proceedings. *See Waldon v. Evans,* 861 P.2d 311 (Okl.Cr.1993).

The Petitioner has filed a motion for summary judgment claiming the Attorney General did not timely file the response. The response was originally due January 13, 1997. The Attorney General requested and was granted a twenty (20) day extension of time from January 13, 1997, within which to file the response. *Dunn v. Ramsey, et al.,* No. O 96–1399 (Okl.Cr. January 21, 1997) (not for publication). Twenty (20) days from January 13, 1997, was Sunday, February 2, 1997, when the office of the Clerk of this Court was closed. Therefore, the due date for the response was the next day that the Clerk's office was open for the performance of public business, or Monday, February 3, 1997. Rule 1.5, 22 O.S.Supp.1996, Ch. 18, App., *Rules of the Court of Criminal Appeals.* The Attorney General's response, filed on February 3, 1997, was timely.

The response of the Attorney General correctly notes Petitioner has failed to establish her entitlement to mandamus relief from this Court. Petitioner must present her claims to a district court, and be denied relief, before this Court will entertain a petition for extraordinary writ. Rule 10.1(A), *Rules, supra.* Moreover, the Attorney General correctly notes Petitioner cannot challenge the merits of, or appeal from, the

prison officials' administrative decision that she is guilty of prison infractions and that she should be punished by the revoking of earned credits. *Canady v. Reynolds,* 880 P.2d 391, 397–400 (Okl.Cr.1994).

■ However, Petitioner is allowed to file a petition for writ of mandamus, in which she can assert only that prison officials did not provide minimum statutory due process requirements during her disciplinary hearing. *Waldon,* 861 P.2d at 313. In a petition for writ of mandamus, Petitioner may not claim she is entitled to the full panoply of due process rights. *Waldon,* 861 P.2d at 313. She may only claim she was not afforded (1) advance written notice of the claimed violation, (2) a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action, and (3) the right to call witnesses and present documentary evidence in his or her defense when permitting such would not be unduly hazardous to institutional safety or correctional goals. *Waldon,* 861 P.2d at 313.

■ The only remaining question is which trial court should hear and decide the petition for writ of mandamus, when the inmate and the prison officials are located outside of Oklahoma. The response of the Attorney General suggests that the appropriate district court for Oklahoma inmates housed in out of state prison facilities to file such petitions for writ of mandamus is the District Court of Oklahoma County. The suggestion is not made because Petitioner's Judgments and Sentences are from Oklahoma County, but because the Oklahoma Department of Corrections and its officials who signed the contracts with the out of state prisons are located in Oklahoma County. Therefore, a writ of mandamus, to ensure statutory due process was provided an inmate in prison disciplinary proceedings, would appropriately be issued from Oklahoma County to the Oklahoma Department of Corrections and its officials located therein. We agree with the Attorney General's response and find that all Oklahoma inmates incarcerated in out of state prison facilities, who were denied the required statutory due process in prison disciplinary proceedings, may file a petition for writ of mandamus to assert such a claim,

against the Oklahoma Department of Corrections and its officials, in the District Court of Oklahoma County.

As previously stated, Petitioner has not presented her claims to, and been denied relief by, the District Court of Oklahoma County. Rule 10.1(A), *Rules, supra.* Therefore, the above-styled proceeding should be, and is hereby, **DISMISSED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge