**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RONALD L. BRANHAM,

        Petitioner-Appellant,

v.

RANDALL G. WORKMAN, Warden,

        Respondent-Appellee.

No. 05-6222

(W.D. of Okla.)

(D.C. No. CV-04-01679-M)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

---

      Ronald L. Branham, a state prisoner appearing pro se, appeals the dismissal of his habeas corpus petition, which he filed pursuant to 28 U.S.C. § 2241. Branham alleges various constitutional violations by the Oklahoma Department of Corrections, all of which stem from the removal of 2,106 good time credits from his correctional record. His claims were denied by the state courts and then by

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the federal district court. Branham therefore sought a certificate of appealability (COA) from this court. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding state prisoners bringing § 2241 petitions must be granted a COA prior to proceeding on the merits of an appeal).

In a prior order, we granted Branham a COA on his due process claims and directed the government to file a response. We have now reviewed these claims with the benefit of full briefing, and, applying the deferential standard required by 28 U.S.C. § 2254(d), (e)(1), we do not find a sufficient basis to disturb the result below. Accordingly, we AFFIRM the denial of relief on his due process claims.

As to Branham's remaining claims of double jeopardy, ex post facto lawmaking and retaliation, because he has failed to make a substantial showing of the denial of a constitutional right, we DENY his request for a COA and DISMISS the appeal.

## I. Background

Ronald Branham was convicted in Oklahoma state court on one count of indecent exposure and two counts of lewd or indecent acts with a child under sixteen—each after a conviction of two or more felonies. He received two 30-year sentences, which began running concurrently on March 11, 1992. Branham does not challenge his original conviction or the sentence pronounced. He alleges only that the Oklahoma Department of Corrections (DOC) acted

-2-

unconstitutionally when it revoked 2,106 good time credits that he had accumulated toward early release.

The circumstances that give rise to this action are two disciplinary proceedings, which were based upon two related offenses—substance possession and substance abuse. On April 14, 1996, during a prison search, Branham was found with a bottle containing "a liquid which had an odor associated with a thinner or acetone." Aple. Ex. 6. Following the reporting of this incident, the DOC conducted a disciplinary hearing. Branham pleaded guilty to possession/ manufacturing of contraband in violation of prison policy. As a consequence, he was initially slated to spend 30 days in disciplinary segregation and to relinquish 365 days of earned good time credit. However, the conviction was later dismissed by the facility head.

A separate set of consequences flowed from the same set of events: the Sex Offender Treatment Program (SOTP), in which Branham was a participant, conducted an adjustment review. At the review, Branham admitted to SOTP staff that he had been "huffing" paint thinner in violation of SOTP rules. Aple. Ex. 9. Branham was therefore removed from SOTP. His record reflects that, due to "program failure," he was assigned to Earned Credit Level 1 status, effective April 17, 1996. Aple. Ex. 10. His changed status meant he was no longer

allowed to earn good time credits toward his sentence. Okla. Stat. tit. 57, § 138(D).

Also on April 17, 1996, Branham was transferred to a separate facility where prison officials erroneously recorded his SOTP participation as "good" and assigned him to Earned Credit Level 4 status, which enabled him to continue to accumulate good time credits. Aple. Ex. 11. Over the next five years, the government alleges, prison officials conducted status reviews every four months; however, because each reviewer would only look back at the preceding four-month period, the initial error was never caught.

On March 15, 2001, an audit of Branham's correctional record revealed the error. Based on this discovery, the DOC revoked 2,106 credits as improperly granted, citing the following explanation in the notification it provided to Branham:

> Removed from SOT per adjustment review 4-17-96. Mandatory Level 1 per policy upon removal from program. Your days remaining [have] been adjusted to reflect the correct amount of days remaining. Currently Level 1 until received into SOT Program or placed on waiting list.

Aple. Ex. 4.

Branham contested the removal of credits from his correctional record, and the administrative review process culminated in a hearing held June 9, 2004. At this hearing, Branham pleaded not guilty, despite his prior admission to SOTP

-4-

staff.  The presiding officer found (1) the record showed Branham had been found guilty of program misconduct and demoted to Earned Credit Level 1 status, and (2) his subsequent accumulation of credits was in error and properly corrected by the DOC.  The summary of the record provided by DOC read as follows:

> On the above date [4-15-96], [i]nmate Branham . . . met with [SOTP] staff where he acknowledged huffing paint thinner.  This type of activity is considered a major rule violation of the sex offender program and inmate Branham was transferred from the facility on 4-15-96.  Based on this incident, as well as other issues . . . Branham is considered a program failure effective immediately.  Branham was assigned to Level 1 based on program failure, but then improperly promoted . . . .  He was improperly awarded 2,106 days of earned credits.

Aple. Ex. 13.

After exhausting his administrative remedies, Branham sought relief in Oklahoma state court.  His petition was denied by the county court on September 28, 2004, and that decision was affirmed by the Oklahoma Court of Criminal Appeals on November 12, 2004.  Branham subsequently filed a federal habeas action alleging various constitutional violations.  The district court denied Branham's petition on June 8, 2005, and denied him a COA on all claims on August 11, 2005.  We previously granted a COA on his due process claims and ordered further briefing by the government.

## II. Discussion

Branham raises the following constitutional challenges to the removal of his good time credits: (1) violations of due process, (2) double jeopardy, (3) ex post facto lawmaking, and (4) retaliation for exercise of a constitutional right. [1] Because we have previously granted a COA on the due process claims, we now review those claims on appeal. For the remaining three claims, we address the COA issue.

## A.

Branham first claims the DOC's revocation of his good time credits constituted a violation of his due process rights. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Furthermore, "[a] state inmate's due process rights are implicated only when a state's actions impinge on a protected liberty interest." *Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994) (citing *Vitek v. Jones*, 445 U.S. 480, 488–90 (1980)). Although Oklahoma has created a liberty interest in earned credits, *Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993), we have recognized that a prisoner cannot claim any entitlement to credits earned in violation of the state law creating that interest, *see Stephens*, 19 F.3d at 501.

---

[1] In his original habeas petition, Branham advanced additional theories, many improperly based on state law. These are not raised on appeal and are therefore deemed waived.

Branham puts forth two related due process claims. First, he challenges the adequacy of the procedure afforded by the DOC when it deducted good time credits from his record. Second, he argues he should be allowed to keep the credits that accrued on his record during the five years between his removal from SOTP and the audit that finally changed his status. Both claims necessarily fail if Branham was never legally entitled to acquire credits in the first place.

Because these claims have already been adjudicated in a state court proceeding, we review them under a deferential standard. We cannot grant relief unless the state adjudication either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Further, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

In this case, the Oklahoma Court of Criminal Appeals (OCCA) found that Branham was initially assigned to SOTP but subsequently removed for program failure. While Branham takes issue with these findings, he offers only conclusory

assertions that are unsupported by the evidence presented. Moreover, he concedes that he never gained readmission to the program, nor a place on the waiting list.

Branham also fails to persuade us that the OCCA's decision was based on unreasonable determinations of those underlying facts, or that the result was contrary to or an unreasonable application of federal law as determined by the Supreme Court. According to Oklahoma law, the DOC is required to conduct an adjustment review of each inmate every four months and must "evaluate the class level status and performance of the inmate and determine whether or not the class level for the inmate shall be changed." Okla. Stat. tit. 57, § 137(F). The contemporaneous regulations require that, where a prisoner is primarily assigned to a treatment program and then removed for misconduct, he will be placed at mandatory Level 1 status, and the DOC is precluded from promoting him until he completes the program or is placed on the waiting list. DOC Policy and Operations Manual Procedure OP-060213(II)(A)(5); OP-060213(III)(C)(2) (effective 1/20/94). The OCCA concluded Branham's status change was a mistake and that he was never legally entitled to the credits that accumulated during the five-year period in question. Branham has not provided us sufficient reason to reverse this determination. Without entitlement to this state-created interest, he has no basis for forming a federal due process claim. Accordingly, we decline Branham's request to disturb the decisions below.

**B.**

Branham's remaining claims, under double jeopardy, ex post facto, and retaliation theories, come before us on a request for COA, which we will only grant if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In considering this question, this court may not engage in a "full consideration of the factual or legal bases adduced in support of the claims"; instead, we are limited to conducting an "overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

### *Double Jeopardy*

Branham argues the two prison proceedings, which resulted in different outcomes, constituted multiple trials for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. We disagree.

Even if substance possession and substance abuse were considered the "same offense," this court has made clear, "[a]s to double jeopardy, it is well established that prison disciplinary sanctions do not implicate that Fifth Amendment right." *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir.

2004).  Because the constitutional right Branham cites is not applicable to prison proceedings, he cannot make a substantial showing of the denial of that right here.

### *Ex Post Facto Lawmaking*

Branham also contends that the retroactive removal of his good time credits constituted an unconstitutional ex post facto action by the DOC.  "The Ex Post Facto Clause [of Article I, section 9 of the Constitution] prohibits states from passing laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Boutwell v. Keating*, 399 F.3d 1203, 1215 (10th Cir. 2005).  This prohibition extends to agency regulations.  *Smith v. Scott*, 223 F.3d 1191, 1193–94 (10th Cir. 2000).  A law or regulation violates the Ex Post Facto Clause if the law (1) applies to events occurring before it was enacted, and (2) disadvantages the petitioner by changing the definition of criminal conduct or increasing the sentence thereof.  *Id.* at 1194 (citing *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)).

Branham alleges the term "program failure" did not exist in 1996.  Aplt. Br. at 5.  Thus, he argues, the government acted improperly by superimposing this reason for its action in 2001.  This contention is without merit as the report issued by the adjustment officer in 1996 used precisely that term as its reason for demoting him to Level 1 and removing him from SOTP.  *See* Aple. Ex. 10.

Alternatively, Branham alleges there was no statutory or regulatory basis for demotion on these grounds in 1996. This contention is also meritless. Since 1988, Oklahoma statutory law has provided for inmates to be assigned to class levels based on a number of factors, including program participation. Okla. Stat. tit. 57, § 138. Since 1994, the regulations have required mandatory demotion to Level 1 status "upon removal from a job or program assignment due to . . . misconduct or nonperformance." DOC Policy and Operations Manual Procedure OP-060213(II)(A)(5) (effective 1/20/94). Because Branham fails to show that any law or regulation was retroactively applied to his conduct, he does not satisfy the first prong of the ex post facto test.

### *Retaliation*

Branham next alleges the misconduct charge for program failure was filed in retaliation against him because he had filed a state court mandamus petition. As this court has declared, "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken . . . would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotation omitted). However, we have also made clear that "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison," and "an inmate is not inoculated from the normal conditions of confinement . . . merely because he has

-11-

engaged in protected activity." *Id.* Thus, to prevail on a retaliation claim, an inmate "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Id.*

Here, Branham has shown that, on March 19, 2004, he filed a petition for writ of mandamus in state court, and, on May 24, 2004, the DOC filed a report summarizing his prior misconduct for purposes of the hearing held to determine whether the revocation of his credits was proper. We agree with the district court that Branham has not alleged any facts other than this temporal proximity to support his claim of retaliation. This fact, by itself, is insufficient to show a retaliatory motive. Furthermore, the report reflected a reasonable interpretation of his prior record and did not itself constitute initiation of a disciplinary proceeding. Rather, it was part of the process requested by Branham when he challenged the audit finding.

\*   \*   \*

For the above reasons, we find the district court's resolution of Branham's jeopardy, ex post facto, and retaliation claims to be undebatable. He has not met his burden of showing entitlement to a COA.

### III. Conclusion

Because Branham has not demonstrated the state court's adjudication of his due process claims was contrary to, or an unreasonable application of, clearly

-12-

established federal law as determined by the Supreme Court, nor has he shown its decision constituted an unreasonable determination of the facts in light of the evidence, we cannot grant relief on his due process claims. Accordingly, we AFFIRM the district court's decision on this issue.

Because Branham has failed to make a substantial showing of the denial of a constitutional right as to his double jeopardy, ex post facto, and retaliation claims, we DENY Branham's request for a COA on these claims and DISMISS the remainder of the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge