**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SIDNEY A. WORTHEN,

        Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden, and
OKLAHOMA DEPARTMENT OF
CORRECTIONS, ITS EMPLOYEES
AND STAFF, ET AL.*

        Respondent-Appellee.

No. 06-6058

(W.D. of Okla.)

(D.C. No. CV-05-1090-C)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**\*\*

---

Before **HARTZ**, **EBEL,** and **TYMKOVICH**, Circuit Judges.\*\*\*

---

Sidney Allen Worthen, an Oklahoma state prisoner, requests a Certificate

of Appealability (COA) to appeal the district court's dismissal of his habeas

petition under 28 U.S.C. § 2241. Since Worthen appears *pro se*, we construe his

---

    \* Petitioner's caption only identifies Warden Franklin. Petitioner's brief
offers no further identification of unnamed parties.

    \*\* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

    \*\*\* After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

pleadings liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). The district court held that a COA should not issue because Worthen failed to make a substantial showing of the denial of a constitutional right. We agree, and accordingly, DENY the request for a COA and DISMISS the appeal.

## I. Background

In 1982, Worthen was convicted of murder and sentenced to life imprisonment. Two years later he pleaded guilty to aiding and abetting a prison escape. For reasons unclear in the record, Worthen was at the same time classified as either a level 3 or level 4 inmate, making him eligible to earn credits which would allow him to obtain certain prison benefits.

In April 2005, again for reasons not entirely explained by the record, Oklahoma prison officials classified Worthen at level 4. Level 4 inmates are eligible for earned credits that can work to shorten the length of their sentences, as well as other prison benefits, such as a higher pay grade and spending privileges at the prison canteen. Two months later, however, prison authorities reexamined Worthen's classification level. Because the 1984 escape conviction is misconduct under Department of Corrections (DOC) policy OP-060107, they concluded he was ineligible for level 4 and had been misclassified. Accordingly, Worthen was demoted to level 2, where, under DOC's current policy, he will remain for the duration of his sentence. At level 2, Worthen cannot earn as many good time credits, nor is he eligible for a number of prison benefits.

Worthen filed a habeas petition in district court claiming the DOC policy as applied to his 1984 conviction was unlawful as (1) an *ex post facto* violation, (2) a deprivation of due process, and (3) a denial of equal protection. He also sought a declaratory judgment, arguing that application of the DOC policy OP-060107 violated the *ex post facto* clause. Upon the magistrate judge's recommendation, the district court concluded that the application of the DOC policy did not violate Worthen's rights and denied his request for a declaratory judgment.

## II. Analysis

A circuit court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court "has rejected the constitutional claims on the merits," an applicant meets this standard by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In conducting our analysis, we need only engage in "an overview of the claims in the . . . petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Id.* at 336.

## A. Ex Post Facto Claim

Worthen's first argument is that the level 2 classification based on the 1984 escape conviction violates the Ex Post Facto Clause of the Constitution. To violate the Ex Post Facto Clause, a law must be retrospective, and must "alte[r] the definition of criminal conduct or increas[e] the punishment for [a] crime" after it has been committed. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). The application of DOC policy did not increase Worthen's punishment for assisting the escape beyond that imposed in 1984. In 1984, Oklahoma law provided credits only for school or work, and Worthen does not claim that DOC failed to provide credits under the earlier system. In fact, Worthen did not lose any credits that he had under the 1984 system since his misconduct occurred before the four-level credit system was adopted in 1988. *See Smith v. Scott*, 223 F.3d 1191, 1193 (10th Cir. 2000). As to the imposition of a new classification system in 1988, Worthen cannot show that it increased his punishment beyond that in place at the time of his conviction.

Moreover, even if the new classification system somehow imposed retrospective punishment, habeas relief is still unavailable to Worthen. Pursuant to Oklahoma law, Worthen is not eligible to have any time deducted from his sentence on the basis of his credit level because he is serving a life sentence. Okla. Stat. Ann tit. 57 § 138(a) (1915). A writ of habeas corpus can only be granted if Worthen has the possibility of expedited release. *See McIntosh v. U.S.*

-4-

*Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). The Supreme Court has held that "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside [the] core [of federal habeas corpus] and may be brought pursuant to § 1983" instead. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Therefore, habeas relief is unavailable to Worthen solely on the basis of his prison classification.[1]

## B. Due Process Claim

Worthen's due process argument is similarly flawed. Worthen has no cognizable liberty interest in avoiding application of DOC's classification policy. He has no hope of being released from prison any earlier on the basis of credits he earns or is eligible to earn under the policy. Okla. Stat. Ann. tit. 57 § 138(a) (1915); *see Stephens v. Thomas*, 19 F.3d 498 (10th Cir. 1994) (holding that New Mexico inmate serving life sentence has no liberty interest in good time credits earned during first ten years of imprisonment where state law forbids the application of such credits to reduce the sentence of a prisoner serving a life sentence). While he may have a liberty interest in the right to earn additional

---

[1] Worthen also asks that we rely on *Wilkinson v. Dotson*, 544 U.S. 74 (2005), in which the Supreme Court held that prisoners may challenge the constitutionality of state parole procedures under 42 U.S.C. § 1983. 544 U.S. at 76. This case does not affect our analysis of Worthen's claims because he has not filed a § 1983 claim.

credits for privileges while incarcerated,[2] he must vindicate this interest though a

§ 1983 claim.  *Nelson*, 541 U.S. at 643.[3]

## C. Equal Protection Claim

It is not disputable that Worthen's equal protection claim also lacks merit.

The Equal Protection Clause "requires the government to treat similarly situated

people alike."  *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) (citing

*City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)).  Worthen

alleges that two other inmates were involved in the 1984 misconduct, and that

they have not been penalized with the same demotion in credit level as Worthen.

We have addressed similar arguments in the past, and concluded that the DOC has

discretion to classify inmates differently even because of minor differences in

---

[2] Worthen had a liberty interest in credits already earned.  *See Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993).  The DOC did not take away credits Worthen was erroneously allowed to earn prior to the application of DOC policy.

[3] Worthen suggests that *Wilson v. Jones*, 430 F.3d 1113 (10th Cir. 2005) and *Branham v. Workman*, 2006 WL 950656 (10th Cir. Apr. 13, 2006) (unpublished), point to a different outcome.  We disagree.  In *Wilson*, we held a misconduct violation that reduced a prisoner's credit level in a way which inevitably affected the duration of his sentence deprived the inmate of a liberty interest and therefore violated the due process clause.  *Wilson* provides Worthen no succor because, as noted above, Worthen's misconduct violation cannot affect the duration of his life sentence.  *Branham* is also unhelpful to Worthen.  In that unpublished case, we held that an inmate could not prevail on a due process claim for good time credits when the inmate was never entitled to receive the credits in the first place.  The same could be said of Worthen's right to earn future credits—he was not entitled to earn the credits he has and certainly is not entitled to earn any more under DOC policy.

-6-

their histories or because some inmates present a higher risk of future misconduct than others. *Templeman v. Gunter*, 16 F.3d 367, 368–71 (10th Cir. 1994). Worthen has pointed to nothing that shows the disparate treatment lacks a rational basis or is otherwise based on suspect characteristics. In sum, we agree with the district court that the alleged similarities between Worthen's misconduct and that of other inmates is not sufficient to allege an equal protection violation. *See id*.

### III. Conclusion

For these reasons, we DENY Worthen's application for a COA and DISMISS this appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge