**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WESLEY RHATIGAN,

      Petitioner - Appellant,

v.

RON WARD,

      Respondent - Appellee.

No. 05-6388
(D.C. No. 05-CV-654-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Wesley Rhatigan, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2241 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

Rhatigan is currently serving an eight year sentence for armed robbery by force in Lawton Correctional Facility in Oklahoma. A correctional officer, Matt Ferrell, found in Rhatigan's cell a soda can with a small metal tube struck through it, enabling it to be used to smoke marijuana. The can smelled heavily of mariuana and Ferrell prepared a misconduct report.

Prison officials held a disciplinary hearing, during which the doctored soda can was entered into evidence. They did not conduct a laboratory test to determine that the can was used for smoking marijuana and instead relied on Officer Ferrell's report. Rhatigan was found guilty of Possession of Contraband, and, as a result, lost 365 days of earned good time credits and was assigned to disciplinary segregation for 30 days. The disciplinary hearing's result was affirmed on administrative appeal.

Rhatigan then filed this habeas petition, alleging that errors during the prison disciplinary hearing violated his rights under the Due Process Clause. The district court dismissed his petition and denied his subsequent application for COA. Having failed to receive a COA from that court, Rhatigan now seeks a COA from this court.[1]

---

[1] Rhatigan's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2241 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Rhatigan to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court did not grant a COA, Rhatigan may not appeal the district court's decision absent a grant of a COA by this court.

Prison disciplinary proceedings can only be challenged under the Due Process Clause if the resulting disciplinary action implicates a state-created liberty interest. Stephens v. Thomas, 19 F.3d 498, 501 (10th Cir. 1994). Oklahoma has clearly created a liberty interest in good time credits. Waldron v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993); Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996). In this case, Rhatigan lost 365 good time credits. Thus, his liberty interest in the credits cannot be taken away "without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Mitchell, 80 F.3d at 1445 (internal quotations omitted).

Although Rhatigan was entitled to due process, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To satisfy due process in a prison disciplinary proceeding, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Further, there must be "some evidence in the record" supporting the charge. Id. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the

credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Rhatigan alleges that prison officials erred by failing to conduct a laboratory test to determine whether the doctored soda can found in his room was actually used to smoke marijuana.[2] Under Hill, this is not a due process violation. Rhatigan does not allege any failure on the part of prison officials to give him notice, an opportunity to call witnesses and present evidence, or a written statement explaining the decision. Further, there is clearly "some evidence" in the record that Rhatigan possessed marijuana; Officer Herrell reported that the can discovered in Rhatigan's room smelled of marijuana and the can itself had been modified such that it could be used for smoking marijuana. Thus, there is no due process violation.

For the reasons set forth above, Rhatigan's request for a COA is **DENIED** and the appeal is **DISMISSED**. Appellant's motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] In his original petition, Rhatigan argued that the chain of control of the doctored soda can was not established. He does not raise this argument on appeal. Even had he, this claim would not be sufficient under Hill. 472 U.S. at 454.